UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DEANNA K. LINDSAY                              CIVIL ACTION NO. 06-0656

versus                                         JUDGE HICKS

COMMISSIONER OF THE SOCIAL                     **REFERRED TO:**
SECURITY ADMINISTRATION                        **MAGISTRATE JUDGE HORNSBY**

**MEMORANDUM RULING**

**Introduction**

Deanna Lindsay ("Plaintiff") applied for disability benefits based on a claim that she is no longer able to work because of a back injury suffered in a car accident. Plaintiff was 42 years old at the time ALJ Howard Treblin denied her claim. The ALJ found that Plaintiff had a residual functional capacity ("RFC") to perform light work and was not disabled because that RFC permitted Plaintiff to perform her past relevant work as a convenience store cashier. The Appeals Council denied review, and Plaintiff filed this civil action seeking judicial review. Both parties filed written consent to have a magistrate judge decide the case and, pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the case was automatically referred to the undersigned for decision.

**Issues on Appeal**

Plaintiff attacks the Commissioner's decision on two grounds: (1) the ALJ's determination that Plaintiff does not meet a Listing was conclusory and (2) Plaintiff does meet Listing 1.04.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

The ALJ analyzed Plaintiff's claim under the familiar five-step sequential process. He found that Plaintiff was not engaged in substantial gainful activity (step one) and that she had disorders of the back (disk herniation at C4-C5), an impairment that is severe within the meaning of the regulations (step two) but not severe enough to meet or equal a listed impairment (step three) that would mandate a finding of disabled without regard to Plaintiff's age, education or other vocational factors. Tr. 19. The ALJ did not specifically discuss Listing 1.04 or any other listing. When Plaintiff proceeded to the Appeals Council, she argued (apparently for the first time) that she satisfied the listing, but the Council denied review without specifically addressing the argument. Tr. 6.

Listing 1.04 is for disorders of the spine such as herniated nucleus pulposus "resulting in compromise of a nerve root . . . or the spinal cord." The claimant must also satisfy the demands of one of three paragraphs. Plaintiff points to paragraph A, which provides:

> Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

The evidence showed the Plaintiff was in a car wreck on March 20, 2002. On examination, she was moving all extremities well without difficulty and had good muscle strength. Plaintiff's principal complaint was chest pain (related to her seat belt). She was released that same day with a prescription for pain medication and a two-day work excuse. Tr. 175-76.

Dr. Allen Cox, Plaintiff's primary care physician, referred Plaintiff to physical therapy on April 3, 2002. Plaintiff reported that she had not returned to her job as a veterinary technician because she could not handle large dogs. Tr. 192. Plaintiff was released from therapy less than a month later, on April 18, 2002. The discharge report stated that Plaintiff's goals had been achieved and that Plaintiff had zero pain, a normal range of motion, normal strength and no physical problems. Tr. 188.

As noted, Plaintiff was treated by Dr. Allen Cox after the accident. The records from Dr. Cox's care were not presented to the ALJ, but they were filed with the Appeals Council, so the records are relevant for determining whether there is substantial evidence to support the Commissioner's final decision. Higginbotham v. Barnhart, 405 F.3d 332 (5th Cir. 2005).

Plaintiff's first visit to Dr. Cox was on April 1, about 10 days after the accident. Plaintiff reported that she was not able to bend, lift or stoop. She had decreased range of motion of the neck and some paracervical spasms. Dr. Cox wrote that Plaintiff could return to work the next day and resume some light duty. He prescribed medications and the physical therapy mentioned above. Tr. 262. At a followup visit on April 15, Plaintiff reported that her pain had decreased by about 50%, but she was still unable to lift more than 10 pounds without marked chest pain. As for her neck, the range of motion was within normal limits, but she did have pain to palpation at the paracervical area. Leg raise, grip and the like were within normal limits. Tr. 263.

Dr. Cox recorded on May 6, 2002 that Plaintiff had stopped physical therapy because her neck pain was better, and exam of the neck showed a normal range of motion. There was "some tenderness" at the paracervical area. Cox opined that Plaintiff could do some secretarial work, but none was available at her veterinarian assistant job. Tr. 264. A physician's assistant saw Plaintiff on June 10 and recorded that Plaintiff had a full range of motion, pain in the cervical paraspinal muscles, and some mild pain with external rotation of the shoulders. Tr. 265.

Dr. Cox saw Plaintiff on June 13, 2002. Plaintiff complained of some burning and stinging radiating down the left side of her neck to the left wrist, a bit of difficulty gripping, chronic headaches, and inability to do any heavy lifting with her right hand. Plaintiff had poor range of motion in her neck. Her grip was within normal limits. Dr. Cox recommended

a neuro-surgical consult or MRI. Tr. 266. Plaintiff reported on June 26 that she was able to do some lifting but still had intermittent, stinging pain in her neck. Plaintiff said that when she bent her neck forward, she would feel a pain that would run down into her left hand, which Dr. Cox recorded as paresthesias down the left arm. Tr. 267. A July 25, 2002 visit recorded chronic neck pain with radiculopathy in the left arm. Tr. 268.

Dr. Edwin Simonton, Jr., an orthopedic physician, conducted a consultative evaluation in January 2003. He conducted a physical examination, reviewed an X-ray and studied a report of an MRI. The MRI showed disk protrusion with cord contact on the right at three levels of the cervical spine. The physical examination was largely unremarkable, except Plaintiff demonstrated significantly less grip strength in her left hand than in her right hand. Dr. Simonton recorded his impression that this was "obvious symptom magnification." He concluded that Plaintiff "does not have clinical evidence of orthopedic injury which would prevent her from returning to gainful employment." Tr. 243-44. The MRI report is found at Tr. 245.

Dr. Warren Long, Jr., a neurological surgeon, conducted a consultative examination in April 2005. Plaintiff reported that she had experienced periods of radicular pain down her right arm into her hand, as well as numbness in the right hand and recurrent headaches with neck pain. Dr. Long reviewed the available films and found that Plaintiff had a clear defect at C4-5, "but the defect does not match her physical examination today." Plaintiff reported no symptoms on the left side, said she continually dropped objects and had an imbalanced

gait problem. When Dr. Long initially asked Plaintiff to hyper-extend her neck to the right, Plaintiff did not have any pain down her arms or to the left, but Dr. Long wrote that Plaintiff's response was "totally different when I examined her."

Dr. Long concluded that Plaintiff had "a lot of symptom magnification symptoms." He noted that when he handed Plaintiff a 10-pound weight, she promptly dropped it with either hand, but she was able to open the front door of the office and her car door. Dr. Long thought that Plaintiff "possibly does have some radicular symptoms in her right arm." Tr. 119-22.

The ALJ noted the lack of objective evidence to support the degree of limitations suggested by Plaintiff, that Plaintiff's descriptions of her symptoms and limitations had been "inconsistent and unpersuasive," and that the consulting physicians did not find disabling impairments. He, accordingly, determined that Plaintiff was only partially credible and did not have an impairment that would result in the profound limits she claimed. Thus, he assessed an RFC for light work.

Plaintiff cites parts of Dr. Cox's records and suggests that they establish neuro-anatomic distribution of pain, limitation of motion, and sensory loss that would satisfy Listing 1.04(A). The references to such symptoms were based on Plaintiff's complaints, but the lack of supporting, objective evidence in the reports of the consulting physicians caused the ALJ to reject those claims. The ALJ's detailed discussion of the evidence and considered credibility analysis, which resulted in the rejection of claimed limitations necessary to satisfy

the listing, is adequate in this case to affirm the Commissioner's decision. It is preferable that an ALJ engage in a specific discussion of a listing if there is a colorable argument that a Plaintiff has satisfied the listing, but it does not appear that Plaintiff pressed the listing issue before the ALJ, and other portions of the ALJ's written decision provide an adequate discussion of the issues to allow meaningful judicial review. The Commissioner did not err in failing to find that Plaintiff met the listing or in not discussing the listing with more specificity. A judgment will be entered affirming the Commissioner's decision.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 13th day of June, 2007.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE